**O'Malley & Perry Law**    **Attorneys for Plaintiff**
By: Michael P. Perry      Alan Delsantro
I.D. No.: PA 36512
E-Mail: mperry@ohdplaw.com
By: John J. Warring
I.D. No. 88047
E-Mail: johnw@oandplaw.com
345 Wyoming Avenue
Scranton, PA 18503
(570) 348-3711

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alan Delsantro | : | |
| 936 Saddler Avenue | : | CIVIL ACTION - LAW |
| Scranton, PA 18510 | : | |
|        Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
|    vs. | : | NO. |
| | : | |
| Pennsylvania State Police | : | |
| 1800 Elmerton Avenue | : | |
| Harrisburg, PA 17110 | : | |
|      Defendants | : | |

### COMPLAINT

The Plaintiff, Alan Delsantro, by and through his attorneys, O'Malley & Perry Law, hereby files his Complaint against Pennsylvania State Police, and sets forth the following in support thereof:

**Jury Demand**

1.       This action seeks money damages because of, *inter alia*, the Pennsylvania State Police's wrongful deprivation of Plaintiff's life, liberty and property.  Plaintiff alleges that the Pennsylvania State Police acted under color of state law and violated Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States.  Plaintiff also brings three state law claims pursuant to this Court's supplemental jurisdiction.  Plaintiff demands a trial by a jury of his peers.

**Jurisdiction and Venue**

2.       This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331, 28 U.S.C. § 1343, and under 42 U.S.C. §1983. The Court has supplemental jurisdiction over Plaintiff's additional claims, which are based on state law, under 28 U.S.C. § 1367.

3.       Venue in the United States District Court for the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391.

**The Parties**

4.       Plaintiff, Alan Delsantro, is a competent, adult individual and citizen of the Commonwealth of Pennsylvania who resides and is domiciled at 936 Saddler Avenue, Scranton, Lackawanna County, Pennsylvania.

5.       Defendant, Pennsylvania State Police ("PSP"), is an agency of the

Commonwealth of Pennsylvania with a principal address of 1800 Elmerton Avenue, Harrisburg, Dauphin County, Pennsylvania.

## Facts

6.    At all times material hereto, on May 3, 2023, Plaintiff, Alan Delsantro, was the owner and operator of a 2009 Nissan Altima, Pennsylvania License Plate LLG9506.

7.    At all times material hereto, including during the below-described high-speed chase, which occurred on May 3, 2023, PSP was operating one or more vehicles owned by PSP and operated by officers, employees, agents and servants of PSP who were at all times operating under color of state law and were engaged in the official business of PSP.

8.    Plaintiff believes and avers that on May 3, 2023, PSP was performing surveillance on an individual (hereinafter "Suspect") in connection with the sale or purchase of illegal substances.

9.    Instead of arresting Suspect at the scene of his alleged criminal activity, while Suspect was still a pedestrian, PSP allowed Suspect to get into his vehicle.

10.    After allowing Suspect to enter his vehicle, PSP engaged in a dangerous and reckless high-speed chase throughout several residential neighborhoods within the City of Scranton, including the one in which Plaintiff

was lawfully driving.

11.     An eyewitness to the unnecessary, dangerous and reckless high-speed chase estimated that Suspect and PSP were traveling at an estimated eighty (80) miles per hour when the eyewitness saw the vehicles proceed on Saint Ann Street in West Scranton.

12.     Saint Ann Street in West Scranton is an undivided road that traverses a residential neighborhood, as do the connecting streets, including Parrott Avenue in Scranton.

13.     On May 3, 2023, at approximately 21:30 hours, the Plaintiff was lawfully traveling south on Parrott Avenue and was approaching the intersection with Saint Ann Street.

14.     On May 3, 2023, at approximately 21:30 hours, PSP, individually and by its officers, agents, and employees, was pursuing Suspect, in the aforementioned  unnecessary, dangerous and reckless high-speed chase through the residential, undivided streets of Scranton.

15.     At the same time and place, as Suspect was racing far in excess of the speed limit to avoid capture by PSP, he failed to stop for a stop sign on Saint Ann Street and, instead, sped right into the intersection and onto Parrott Avenue where he violently collided with Plaintiff's vehicle, which was traveling on Parrott Avenue at the intersection of Parrott Avenue and Saint Ann Street.

16. At the same time and place, as he fled from PSP, Suspect was driving without car insurance.

17. The forceful impact of the front end of Suspect's vehicle crashing into the driver side of Plaintiff's vehicle propelled Plaintiff's vehicle into the woods adjacent to the roadway on Parrott Avenue, where Plaintiff was trapped inside his vehicle.

18. Suspect made no attempt to stop or slow down after crashing into Plaintiffs' vehicle and continued his high-speed escape traveling North on Parrott Avenue in a continuing effort to evade PSP who continued to chase him.

19. Even after witnessing evidence of the dangerous conditions PSP caused by its unnecessary, dangerous and reckless high-speed pursuit of Suspect, PSP continued its high-speed pursuit of Suspect.

20. The above-described collision caused by PSP acts and omissions, individually and by its officers, agents, and employees, caused Plaintiff serious and permanent injuries.

21. Plaintiff's injuries include but are not limited to the following:

    a. Post-Concussion syndrome;

    b. Serious neck injury;

    c. Serious low back injury;

    d. Concussion;

e.    Intracranial injury;

f.    Hypertension;

g.    Post-traumatic stress disorder;

h.    Anxiety;

i.    Abdominal pain;

j.    Headaches;

k.    Dizziness;

l.    Difficulty putting thoughts together;

m.    Difficulty concentrating;

n.    Inability to speak without stuttering;

o.    Difficulty with speech and language function;

p.    Neck Pain;

q.    Chest pain;

r.    Arm pain;

s.    Back pain;

t.    Eye fatigue;

u.    General fatigue;

v.    Memory deficits;

w.    Head pain;

x.    Shoulder pain;

y.    Stiffness;

z.    Soreness;

aa.    Achiness;

bb.    Emotional distress;

cc.    Insomnia;

dd.    Weightloss; and

ee.    Nervousness, particularly when driving.

22.    As a result of the aforesaid injuries, Plaintiff suffered and continues to suffer great physical and mental pain, discomfort, and inconvenience.

23.    Plaintiff believes and avers that he may be obliged to spend various sums of money and incur various expenses for treatment of the aforementioned injuries in the future for which the Plaintiff makes a claim herein.

24.    By reason of the above-described crash, Plaintiff has suffered a future decrease in earning capacity.

25.    Additionally, as a result of the injuries sustained in this collision Plaintiff has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life for which a claim is hereby made.

26.    Plaintiff has been treated by, and continues to treat with, medical professionals in an effort to reduce and/or eliminate his pain, suffering and symptoms caused by the incident.

27. Plaintiff continues to suffer from the injuries caused by PSP, and may forever suffer from those injuries.

28. As a direct and proximate cause of PSP's negligence and recklessness, Plaintiff has suffered:

    a.    Past, present and future pain and suffering;

    b.    Past, present and future loss of life's pleasures;

    c.    Past, present and future emotional distress and mental anguish;

    d.    Past, present and future embarrassment and humiliation;

    e.    Past, present and future loss of the enjoyment of life;

    f.    Past, present and future loss of liberty;

    g.    Past property loss; and

    h.    Past, present and future inability to perform household services.

29. As a result of PSP's negligence, Plaintiff will require future medical care, treatment, studies and testing in the future, for which a claim is made.

30. As a result of PSP's negligence, Plaintiff has and will be responsible for bills, costs and/or out-of-pocket expenses incurred from medical care and treatment from his injuries caused by PSP, for which a claim is made.

31. Plaintiff was in no way at fault for the aforementioned incident.

32. No careless or negligent actions or inactions on Plaintiff's part caused or contributed to the aforementioned incident and at all pertinent times, Plaintiff acted in a reasonable, lawful and safe manner.

33. The sole cause of the aforementioned incident was PSP's negligence, recklessness, intentional acts, failure to maintain a proper lookout, failure to refrain from engaging in an unnecessary, highspeed, negligent, reckless and dangerous chase, failure to refrain from engaging in an unnecessary, dangerous and reckless high-speed chase through residential areas including the one in which Plaintiff was violently struck and injured, failure to call-off an unnecessary, highspeed, negligent, reckless and dangerous chase, failure to provide proper training, failure to prevent Suspect from entering his vehicle, failure to prevent Suspect from leaving the scene of his alleged criminal activity, and all other negligent and reckless actions alleged herein and that were incident to Defendant's conduct described herein.

34. As a direct and legal consequence of the aforementioned incident, Plaintiff has had, and may in the future have, to change his daily routines due to the pain, discomfort and dizziness he suffered, suffers, and will suffer from into the future.

35.    As a direct and legal consequence of the aforementioned incident, Plaintiff is fearful when he operates a motor vehicle and experiences anxiety when doing so.

36.    In addition to the severe bodily injuries suffered by Plaintiff as a result of the aforementioned collision, Plaintiff suffered property damage to his vehicle for which PSP is responsible.

37.    PSP unlawfully deprived Plaintiff of his rights guaranteed under the United States Constitution to life, liberty and property.

## Count I – Unlawful Deprivation of Constitutional Rights by State Actor
## Alan Delsantro v. Pennsylvania State Police

38.    Plaintiff, Alan Delsantro, incorporates each and every allegation of this Complaint by reference as if fully set forth herein at length.

39.    PSP's actions, and failure to act, are shocking to the conscience because there can be no other explanation for PSP's conduct other than PSP intended to cause harm, and did just that when PSP allowed Suspect to flee, and again engaged in a high speed chase through residential neighborhoods on undivided roadways, resulting in Plaintiff's vehicle being crashed into by Suspect's vehicle.

40.    PSP's actions, through its officers, agents, servants and workmen, as

set forth herein, is shocking to the conscience.

41.    PSP's actions and omissions, through its officers, employees, agents and servants, are shocking to the conscience to the extent that PSP should have stopped Suspect from entering his vehicle before he even had the ability to flee from PSP.

42.    PSP's actions and omissions, through its officers, agents, servants and workmen, is shocking to the conscience to the extent that PSP knew or should have known that an unnecessary, dangerous and reckless high-speed chase through residential neighborhoods, and on undivided streets, would result in a collision between vehicles, such as Suspect's and Plaintiff's vehicles, and yet PSP persisted in engaging in said pursuit.

43.    PSP's conduct, through its officers, employees, agents and servants, reveals a conscious disregard of a great risk of serious harm by allowing Suspect to get into his vehicle at the scene of his alleged criminal activity, and by engaging in the aforementioned high-speed chase through residential neighborhoods on undivided streets, at a high rate of speed.

44.    If PSP had arranged for a controlled sale or purchase of illegal substances by Suspect, or became aware of the sale or purchase of illegal substances by Suspect in advance of the sale or purchase, PSP should have engaged in careful deliberations concerning how they would take Suspect into

custody in a manner that would not create a danger to Plaintiff and others similarly situated; nonetheless, PSP failed to do so in deliberate indifference to the rights and safety of Plaintiff and others.

45.    Even if PSP had no knowledge of Suspect's alleged criminal activities before those activities were committed, PSP had sufficient time to deliberate, even in a hurried manner, and decide that the best and safest course of action would be something other than creating a high-speed chase through residential neighborhoods on undivided streets in a manner that was certain to cause harm to Plaintiff and possibly others.

46.    Engaging in a high-speed pursuit on public roadways, through residential neighborhoods, on undivided roadways, at excessive speeds perhaps exceeding 80 miles per hour, threatens and creates dangerous conditions to all persons within range of the chase, including Plaintiff.

47.    There was no reasonable justification for engaging in the aforementioned high-speed chase.

48.    There was no reasonable justification for continuing the aforementioned high-speed chase through undivided streets in residential neighborhoods once it became apparent that Suspect would not stop for PSP.

49.    PSP created the dangerous condition that led to the high-speed chase and, in connection with Suspect's unlawful, negligent and reckless conduct, caused

Plaintiff's harm.

50.    Plaintiff had a right to be free from state-created harm.

51.     PSP violated Plaintiff's right to be free from state-created harm and, instead, actually created the harm that caused Plaintiff's severe injuries.

52.    Plaintiff had a Constitutional right to be free from the unlawful state deprivation of his life, liberty and property without due process of law.

53.    PSP's officers, employees, agents, and servants had fair warning that engaging in the aforementioned high-speed chase, under the circumstances then and there existing, would be unconstitutional and expose PSP to liability as a result of PSP causing Plaintiff's injuries.

54.    Further, PSP, through its officers, employees, agents, and servants, ignored its own policies and procedures by engaging in the conduct set forth herein.

55.    Plaintiff had a right to be free from injury caused by state actors including PSP.

56.    The actions and omissions of PSP as set forth herein violated Plaintiff's rights under the 14th Amendment to the United States Constitution.

57.    The actions and omissions of PSP as set forth herein violated Plaintiff's rights to be free of deprivation of life, liberty and property by the state without due process of law.

58.    At all relevant times hereunder, PSP was acting and failing to act under color of state law.

59.    PSP was acting under color of state law when it allowed Suspect to enter his vehicle, enabling him to flee from PSP.

60.    PSP was acting under color of state law when it engaged in the aforementioned high-speed chase, which resulted in Plaintiff's severe injuries.

61.    The criminal charges against Suspect arose in a non-emergency situation which would not have involved a suspect fleeing from PSP in a dangerous manner if PSP had arrested Suspect before allowing him to enter his vehicle and flee.

62.    PSP created the conditions that led to the aforementioned high-speed chase.

63.    PSP created the conditions that led to Plaintiff being trapped in his car and unable to remove himself from the vehicle after the collision.

64.    PSP created the conditions that led to Plaintiff being severely injured as a result of the aforementioned collision.

65.    Plaintiff had a right not to be injured or killed as a result of PSP's reckless pursuit of an individual suspected of drug related charges when there was no pending emergency.

66.    Plaintiff was a foreseeable victim of PSP's conscience-shocking,

reckless actions, and was a member of a class of drivers on residential streets in Scranton that should have been protected by PSP instead of being subjected to foreseeable harm created by PSP's actions.

WHEREFORE, the Plaintiff, Alan Delsantro, seeks judgment against the Defendant, Pennsylvania State Police, for compensatory damages in an amount to be determined at trial, together with reasonable attorney fees pursuant to 42 U.S.C. §1983 and § 1988, punitive damages, interest, costs, damages for delay, and any and all such other relief as the Court deems just and proper.

## Count II – Negligence and Recklessness

## Alan Delsantro v. Pennsylvania State Police

67.    Plaintiff, Alan Delsantro, incorporates each and every allegation of this Complaint by reference as if fully set forth herein at length.

68.    The negligence and recklessness of Defendant, Pennsylvania State Police, individually and by its officers, agents, and employees consisted of the following:

    a.    Failing to provide proper training;

    b.    Failing to abide by training;

    c.    Failing to apprehend Suspect before he got into his vehicle;

    d.    Failing to prevent Suspect from leaving the scene of his alleged criminal activity;

e. Failing to refrain from engaging in a needless, dangerous and reckless high-speed pursuit of Suspect;

f. Failing to call off the dangerous and reckless high-speed pursuit of Suspect before injuring someone, such as the Plaintiff;

g. Creating a significant risk of harm to other motorists, including Plaintiff, by conducting a high-speed chase throughout the city of Scranton and in the residential neighborhood where Plaintiff was injured;

h. Creating a danger to motorists, including Plaintiff, by engaging in an unnecessary, dangerous and reckless high-speed chase;

i. Failing to protect the Plaintiff from the dangers that PSP created by allowing Suspect to enter his vehicle, allowing Suspect to drive away, and then by engaging in an unnecessary, dangerous and reckless high-speed chase;

j. Failing to de-escalate the situation;

k. Failing to exercise proper judgment;

l. Failing to follow pursuit protocols;

m. Failing to protect Plaintiff from the harms suffered, as enumerated herein and in Plaintiff's medical records;

n. Failure to refrain from conduct that led to Plaintiff's severe

injuries;

o.    Failing to refrain from violating Plaintiff's constitutional right to be from state deprivation of life, liberty and property without due process;

p.    Failing to refrain from violating Plaintiff's Constitutional Rights.

69.    The conduct of the Defendant, Pennsylvania State Police, as described herein in Plaintiff's complaint, constitutes negligent and reckless conduct and a conscious disregard for the safety of other motorists on the roadway including the Plaintiff.

70.    PSP knew or should have known that allowing Suspect to get into his vehicle would enable Suspect to flee PSP.

71.    PSP knew or should have known that engaging in an unnecessary, dangerous and reckless high-speed chase through residential neighborhoods, and on undivided streets, would result in a collision between vehicles, such as Suspect's and Plaintiff's vehicles.

72.    Plaintiff was a lawful driver on the roadways of the City of Scranton, in a residential neighborhood, on undivided streets, and PSP knew or should have known that Plaintiff was a foreseeable victim if they engaged in an unnecessary, dangerous and reckless high-speed chase through residential neighborhoods, and

on undivided streets, and that said conduct would result in a collision between vehicles engaged in the chase, such as Suspect's, and those who were not engaged in the chase, such as Plaintiff's, and lead to persons being trapped in their vehicle and to suffering severe, permanent injuries.

73.    PSP's officers, agents, employees, and servants used their authority in such a way that created a danger to Plaintiff, and others in the residential neighborhoods through which the high-speed chase occurred, and also rendered Plaintiff more vulnerable to danger than had PSP not engaged in the high-speed chase.

74.    It is believed and averred that PSP had other means of capturing Suspect that would not have created the danger to Plaintiff, and cause Plaintiff's severe injuries, including but not limited to:

a.    Arresting Suspect at the scene of his alleged criminal activity;

b.    Blocking Suspect's vehicle at the scene of his alleged criminal activity so that he would not be able to drive away;

c.    Radioing to other officers to set up a blockade on the route of Suspect's travel;

d.    Because they knew who the owner of Suspect's vehicle was (purportedly Suspect's girlfriend), placing Suspect's girlfriend and acquaintances under surveillance until such time as they

could safely arrest him instead of engaging in the aforementioned chase;

e.  Radioing the Scranton Police Department to be on the lookout for the vehicle being driven by Suspect, and arresting him on sight; and, among others,

f.  Waiting until PSP again came across Suspect under different circumstances that would not have needlessly created a danger to Plaintiff and others, which led to Plaintiff's severe injuries.

75.  There existed no emergent circumstances that necessitated the high-speed chase by PSP of Suspect.

76.  If PSP believes an emergent situation existed necessitating the aforementioned pursuit, PSP could have prevented those circumstances by preventing Suspect from getting into his vehicle and fleeing the scene of his alleged criminal activity; thus, PSP created any emergent situation that it may claim to have existed, and cannot use said situation as justification for its own actions.

77.  A reasonable officer would have known or should have known that allowing Suspect to enter his vehicle would result in him fleeing the scene, which led to Plaintiff's severe injuries.

78.  A reasonable officer would have known or should have known that

engaging in the aforementioned high-speed chase would result in injury to others, including Plaintiff.

79.    A reasonable officer would have known or should have known that operating his or her vehicle in the manner set forth herein would lead to Plaintiff being injured as a result thereof.

80.    A reasonable officer would have known or should have known that engaging in the aforementioned high-speed chase through residential neighborhoods of the type in which Plaintiff was operating his motor vehicle would result in injury to others, including Plaintiff.

81.    A reasonable officer would have known or should have known that engaging in the aforementioned high-speed chase through residential neighborhoods and on undivided roadways of the type on which Plaintiff was operating his motor vehicle would result in injury to others, including Plaintiff.

82.    The aforementioned high-speed chase arose only because PSP allowed Suspect to enter his vehicle and flee.

83.    Had PSP arrested Suspect at the scene of his alleged criminal activity, no high-speed chase would have ensued, and Plaintiff would not have been seriously and permanently injured.

84.    Similarly, had PSP refrained from engaging in the aforementioned high-speed chase of Suspect, Plaintiff would not have suffered the aforementioned

severe injuries.

85.     PSP's operation of one or more of its motor vehicles, which were in the possession and control of PSP, a Commonwealth party, caused Plaintiff's severe injuries.

86.     PSP has forfeited its sovereign immunity by virtue of its conduct as set forth herein.

WHEREFORE, the Plaintiff, Alan Delsantro, seeks judgment against the Defendant, Pennsylvania State Police, for compensatory damages in an amount to be determined at trial, together with punitive damages, interest, costs, damages for delay, and any and all such other relief as the Court deems just and proper.

**<u>Count III – Negligence Per Se</u>**

**<u>Alan Delsantro v. Pennsylvania State Police</u>**

87.     Plaintiff, Alan Delsantro, incorporates each and every allegation of this Complaint by reference as if fully set forth herein at length.

88.     The foregoing conduct and omissions by PSP constitute negligence per se on the part of PSP.

89.     The foregoing conduct and omissions by PSP include, but are not limited to, violations of the following statutes:

      a.     75 Pa. C.S. §3714 – Careless Driving; and

      b.     75 Pa. C.S.§3361 – Driving Vehicle at Safe Speed.

WHEREFORE, the Plaintiff, Alan Delsantro, seeks judgment against the Defendant, Pennsylvania State Police, for compensatory damages in an amount to be determined at trial, together with interest, costs, damages for delay, punitive damages, and any and all such other relief as the Court deems just and proper.

Respectfully submitted,

O'Malley & Perry Law
Attorneys for Plaintiff,
Alan Delsantro

By:    /s/  Michael P. Perry
       Michael P. Perry
       I.D. No.: PA 36512
       345 Wyoming Avenue
       Scranton, Pa 18503
       570-348-3711
       mperry@ohdplaw.com

By:_   /s/  John J. Warring
       John J. Warring
       I.D. No.: PA 88047
       345 Wyoming Avenue
       Scranton, Pa 18503
       570-348-3711
       johnw@oandplaw.com

## **VERIFICATION**

I, Alan Delsantro, hereby verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are made subject to the penalty of 18 Pa. C.S.A. 4904 regarding unsworn falsification to authorities.

Date:_____          BY: _____
                                          Alan Delsantro