UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DELSANTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENNSYLVANIA STATE POLICE,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-00711<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is a motion to dismiss brought by the Defendant Pennsylvania State Police ("PSP"). (Doc. 6). This action was commenced by the filing of a complaint by Plaintiff Alan Delsantro ("Delsantro") on April 4, 2025. (Doc. 1). For the following reasons, PSP's motion to dismiss is **GRANTED**. (Doc. 6).

**I.　BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from Delsantro's complaint. (Doc. 1). Delsantro alleges that "on May 3, 2023, [Pennsylvania State Police ("PSP")] was operating one or more vehicles owned by PSP and operated by officers, employees, agents and servants of PSP who were at all times operating under color of law and were engaged in the official business of PSP." (Doc. 1, ¶ 7). According to Delsantro, PSP had conducted a surveillance operation on an individual ("Suspect") involved in a transaction of illegal substances. (Doc. 1, ¶ 8). On May 3, 2024, the Suspect engaged in "a dangerous and reckless high-speed chase throughout several residential neighborhoods[.]" (Doc. 1, ¶¶ 8, 10). "[R]acing far in excess of the speed limit to avoid capture by PSP," the Suspect failed to stop at a stop sign and collided with Delsantro's vehicle, causing the vehicle to propel off the road and trapping Delsantro inside

his vehicle. (Doc. 1, ¶¶ 15, 17). Delsantro alleges that neither the Suspect nor PSP attempted to assist him as he lay trapped in his vehicle. (Doc. 1, ¶¶ 18, 19). As a result, Delsantro asserts he has suffered serious and permanent injuries, emotional distress, and property damage. (Doc. 1, ¶¶ 20, 35-36). Delsantro filed his complaint on April 22, 2025. (Doc. 1). PSP filed the instant motion to dismiss on June 23, 2025, and a brief in support of the motion on July 7, 2025. (Doc. 6; Doc. 7). On July 21, 2025, Delsantro filed a brief in opposition. (Doc. 8). PSP filed a reply brief on August 4, 2025 (Doc. 9). Accordingly, the motion has been fully briefed and is ripe for discussion.

**II.     LEGAL STANDARD**

   A.  MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff

must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. 42 U.S.C. SECTION 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. SECTION 1983 CLAIM

PSP seeks to dismiss Delsantro's § 1983 claim on the basis that PSP is a person contemplated under 42 U.S.C. § 1983. (Doc. 7, at 3; Doc. 8 at 5). According to PSP, "[t]he Commonwealth of Pennsylvania, all Commonwealth agencies, all individuals acting in their official capacities [] are not 'persons' as defined by 42 U.S.C. § 1983." (Doc. 7, at 3). Delsantro responds that his "averments made in his Complaint against PSP make it clear that the actors responsible for the deprivation of Plaintiff's Constitutional rights were officers, employees,

agents and servants of PSP, who are actual persons under 42 U.S.C. §1983, thereby making PSP responsible for those unlawful actions." (Doc. 8, at 5). In response, PSP asserts that it is not "an eligible target for a lawsuit under § 1983 because it is made up of individuals who are persons," but Delsantro has failed to identify those who was involved in the allegations underlying his claims. (Doc. 9, at 3).

> § 1983 provides in pertinent in part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…
>
> 42 U.S.C. § 1983.

To prevail on a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). A plaintiff must show a defendant's "personal involvement" by adequately alleging either (1) the defendant's personal involvement in the wrongful conduct; or (2) the defendant's actual knowledge and acquiescence in the wrongful conduct. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The Supreme Court has held that, "[a] state is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

In his complaint, PSP is the only named defendant. (Doc. 1, ¶ 5). Specifically, Delsantro identifies the defendant in this case as follows: "Defendant, Pennsylvania State Police ('PSP'), is an agency of the Commonwealth of Pennsylvania with a principal address of 1800 Elmerton Avenue, Harrisburg, Dauphin County, Pennsylvania." (Doc. 1, ¶ 5).

Section 1983 limits liability to *people* acting under the color of state law who violate the constitutional rights of others. *Perez v. Larson*, No. 3:19-CV-1015, 2020 WL 5414355, at *2 (M.D. Sept. 9, 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added). Courts in this jurisdiction have dismissed § 1983 claims against PSP, finding that PSP is not a person as contemplated under the statute. *See e.g.*, *Hallman v. Pa. State Police Trooper*, No. 1:21-CV-02111, 2023 WL 11981078, at *6 (M.D. Pa. Jan. 4, 2023) ("The Pennsylvania State Police is not a person within the meaning of 42 U.S.C. § 1983 and is not amenable to suit under § 1983."); *see also e.g.*, *Simcox v. Granite Run Mall*, No. CIV. A. 91-6370, 1991 WL 246933, at *1 (E.D. Pa. Nov. 18, 1991) ("Since the Pennsylvania State Police, as an agency of the Commonwealth of Pennsylvania, is not a person under § 1983, plaintiff has failed to satisfy the requirements to bring an action under § 1983 against this defendant."); *Fronius v. Penn. State Police Belle Vernon*, No. 2:24-CV-00771-MJH, 2024 WL 2728567, at *1 (W.D. Pa. May 28, 2024) ("[t]he Pennsylvania State Police is not a 'person' for the purpose of § 1983 and, therefore, not a properly named defendant.") (citing *Wivell v. Penn. State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007)). Because PSP is the only named defendant in this action and Plaintiff has failed to identify any specific PSP officers who allegedly deprived him of his constitutional rights. (Doc. 1, ¶¶ 39-41). Thus, Delsantro fails to meet the requirements for alleging a § 1983 claim. *See Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996) (agreeing with the district court's finding that plaintiff's § 1983 claim was deficient because only a police department was named as the defendant and not individual police officers and stating "*respondeat superior* cannot form the basis of liability under 42 U.S.C. § 1938.") (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)); *see Stephany v. Reading Police*, 541 F.Supp.3d 549, 553 (E.D. Pa. May 26, 2021) (granting motion to dismiss due to plaintiff's

failure to specify any police officer who allegedly acted to violate his rights when plaintiff was taken to hospital by police); *see also Sergio v. Doe*, 769 F. Supp. 164, 168 (E.D. Pa. Feb. 14, 1991) (providing the Third Circuit "has routinely held that [§ 1983] complaints comply with [the general standard for ruling on motions to dismiss under Rule 12(b)(6)] if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials."). Accordingly, Delsantro's § 1983 claims against PSP will be **DISMISSED without prejudice.** (Doc. 1, ¶¶ 38-66).

    B. R<small>EMAINING</small> S<small>TATE</small> L<small>AW</small> C<small>LAIMS</small>

Delsantro also asserts state law claims against PSP under 28 U.S.C. § 1367. (Doc. 1, ¶¶ 68, 88). PSP argues that this Court should not consider these state law claims because, upon dismissing § 1983 claim, they "do not present an appropriate federal question[.]" (Doc. 7, at 4). Delsantro did not respond to this argument in his brief in opposition. (Doc. 8). Under 28 U.S.C. § 1367, a federal district court may exercise supplemental jurisdiction over state-law claims that the court would not otherwise have subject matter jurisdiction to hear, as long as the claims are part of the same case or controversy as the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). When a federal district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *see Patel v. Meridian Health Sys.*, Inc., 666 F. App'x 133, 136 (3d Cir. 2106). If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). The decision should be based on "the values of judicial economy, convenience, fairness, and

7

comity…" *Sheffer v. Ctr. Cnty.*, No. 4:18-CV-2080, 2019 WL 2621836, at *15 (M.D. Pa. May 23, 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988)). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Sheffer*, 2019 WL 2621836, at *15.

In this case, because the Court will decline to exercise jurisdiction over the remaining state law claims. (Doc. 1, ¶¶ 68, 88). *See Sheffer*, 2019 WL 2621836, at *15 (dismissing plaintiff's claims for false imprisonment, intentional infliction of emotional distress, abuse of process, and legal malpractice after district court dismissed § 1983 claims); *see also Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 519-20 (E.D. Pa. June 27, 2019) (declining to exercise supplemental jurisdiction over the remaining state law claims due to plaintiff's failure to allege any Fourteenth Amendment violation under § 1983); *see also Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. July 26, 2021) ("Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims."); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Therefore, Delsantro's state law claims will be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to

amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Delsantro argues that "[i]n order for Plaintiff to amend his Complaint, Plaintiff must have access to all police reports that involve the facts and circumstances leading up to the surveillance of the suspect PSP was chasing, as well as the chase itself." (Doc. 8, at 6). Delsantro requests that this Court order PSP "to provide unredacted copies of all police reports and internal memoranda, including the names of all individuals in any way related to the operation set forth in Plaintiff's Complaint, that in any way pertain to the events leading up to, including, and following the dangerous high speed chase in question[.]" (Doc. 8, at 9). PSP submits that Delsantro has not yet propounded discovery or otherwise sought the names of the individuals involved. The Court will not grant Delsantro's request for an order directing production by PSP, but will grant him 60 days to file an amended complaint, during which time, he may see limited discovery to determine which officers were allegedly involved in his § 1983 claims.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and Delsantro's complaint is **DIMISSED without prejudice**. (Doc. 1). Delsantro is granted leave to file an amended complaint within 60 days from the date of this filing, or on or before January 12, 2026. An appropriate Order follows.

BY THE COURT:

Dated: November 13, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

9